823 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard L. BROWN, Plaintiff-Appellant,
v.
C. Richard KELLY, Individually and in his capacity as
Assistant Attorney General for the State of South
Carolina, Defendant-Appellee.
 No. 86-1628.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1987.
Decided June 26, 1987.
 
 Todd M. Ackley for appellant.
 F. Matlock Elliott and G. Dewey Oxner, Jr. (Haynsworth, Perry, Bryant, Marion & Johnstone, on brief) for appellee.
 Before CHAPMAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and SIMONS, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This is an appeal from an order granting Appellee Kelly's Motion to Dismiss the underlying civil rights action. The case was brought pursuant to 42 U.S.C. Sec. 1983, alleging that Kelly, an Assistant Attorney General for South Carolina, had libeled and slandered Appellant Brown, causing injury to Brown's reputation and business interests as well as the loss of certain economic opportunities by the State of South Carolina and Greenville County.
 
 
 2
 The district court determined that Brown's defamation causes of action were barred because they were compulsory counterclaims which should have been asserted in an earlier suit between the parties. The district court further concluded that Brown's cause of action alleging the loss by the State and County of economic opportunities was speculative and stated no proper claim for relief. We affirm.
 
 
 3
 This appeal is merely the latest of a series of legal scuffles between the parties. Their encounters began when Kelly, as a part of his official duties, undertook an investigation of Brown's marketing claims concerning an electronic surge suppressor, known as the "Energy Mizer," which he developed and manufactured.
 
 
 4
 Subsequently Kelly filed, on behalf of the Attorney General, an action entitled State of South Carolina v. Richard C. Whiteside, et al., in Richland County Common Pleas Court. The Complaint alleged that the defendants, among whom Brown was not included, committed unfair trade practices. Brown was an advisor to the defendants in the Whiteside suit. The suit resulted in a permanent injunction against the Whiteside defendants prohibiting them from doing any more business in Energy Mizers or similar products.
 
 
 5
 After the Whiteside suit, an action entitled State of South Carolina v. Leonard Brown was brought in Greenville County Common Pleas Court. The allegations were similar to the Whiteside Complaint. Kelly was one of the attorneys representing the State. The Brown suit was settled after one day of trial by a settlement order entered December 22, 1982.
 
 
 6
 In October 1982, one week before the Brown suit went to trial, Brown filed a grievance against Kelly before the Board of Commissioners on Grievances and Discipline of the South Carolina Bar Association, alleging that Kelly had departed from his legitimate role as consumer protector and had engaged in activities maliciously calculated to injure Brown's reputation and business interests. The grievance was dismissed as groundless without a hearing.
 
 
 7
 Despite the confidentiality rules of the Grievance Board, details of the grievance against Kelly and its disposition appeared in a Travelers Rest, South Carolina newspaper, THE MOUNTAIN MONITOR. Kelly apparently concluded that Brown supplied the newspaper with the confidential information about the grievance.
 
 
 8
 On March 1, 1985, Kelly filed an action in the District Court alleging that Brown and others had attempted to intimidate him and obstruct and delay his investigation and prosecution of the alleged unfair trade practices involved with the promotion of the Energy Mizer. The causes of action in Kelly's federal court suit included (1) unlawful activities under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1961, et seq., and libel. Brown's Answer to the Kelly lawsuit did not include a counterclaim. After Kelly moved to dismiss his lawsuit, the district court, by Orders dated February 19, and April 4, 1986, dismissed the Kelly suit as to all parties with prejudice.
 
 
 9
 On March 17, 1986, Brown filed the Complaint which gives rise to this appeal. As noted above, the Complaint sets out a civil rights action under 42 U.S.C. Sec. 1983, alleging in the first and second causes of action that Kelly, acting under color of state law, maliciously interfered with Brown's liberty interest in pursuing two distinct business opportunities involving sales of the Energy Mizer. The Complaint also alleged as a third cause of action that Kelly's action thwarted the State's policy of encouraging growth of its industrial base, and contended that Brown is entitled to nominal and punitive damages for the lost opportunities that he claims would have accrued as a result of such industrial growth.
 
 
 10
 The court below determined that the first two causes of action were barred by res judicata and collateral estoppel, because they were compulsory counterclaims, which should have been asserted by Brown in the prior suit brought by Kelly. The district court further concluded that the third cause of action was speculative and stated no proper claim for relief.
 
 
 11
 To determine whether Brown's first two causes of action should have been brought as compulsory counterclaims in the Kelly case, it must be determined whether Brown's claims arose from the "same transaction." In Sue and Sam Manufacturing Co. v. BLS Construction Co., 538 F.2d 1048 (4th Cir. 1976), this court outlined four tests which have been applied in determining whether a claim arises out of the "same transaction" as an earlier claim. The tests are: (1) whether the issues of fact and law are largely the same; (2) whether res judicata would bar a subsequent suit absent the compulsory counterclaim provisions of Fed.R.Civ.P. 13(a); (3) whether the same evidence will substantially support or refute the claims and counterclaims; and (4) whether there is a logical relation between the claims and counterclaims. 538 F.2d at 1051-53. As the court below concluded, both the earlier Kelly suit and the present action involve the same basic transaction: Kelly's investigation and prosecution of Brown for unfair trade practices in the state court lawsuit against Brown. As the district court noted, the Kelly suit was pending for approximately one year, and Brown had ample time to bring a counterclaim. These factors persuade us that the court below was correct in dismissing the first two causes of action as compulsory counterclaims which should have been asserted in the previous suit.
 
 
 12
 We also affirm the district court's position that Brown's third cause of action utterly fails to state a claim. That cause of action makes the wholly speculative assumption that future industry would be deterred by Kelly's actions, and that such assumed deterence would have injured Brown. We agree that such a cause of action is entirely without merit.
 
 
 13
 For the reasons set out herein, the district court's order granting Kelly's Motion to Dismiss is
 
 
 14
 AFFIRMED.